IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CEDRIC GREENE;                                                               PLAINTIFFS
VALERIE STEPHEN

   v.      Civil No. 26-5036

HOUSING AUTHORITY OF THE                                                     DEFENDANT
CITY OF LOS ANGELES

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiffs, Cedric Greene ("Green") and Valerie Stephen ("Stephen"), filed this action alleging that the Defendant violated the law when it failed to reinstitute benefits. (ECF No. 1). Plaintiffs proceed *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Judge Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Complaint under 28 U.S.C. § 1915(e)(2).

### I. BACKGROUND

Plaintiffs filed the Complaint on February 10, 2026. (ECF No. 1). In the Complaint, Greene alleges that on February 19, 2020, he submitted a request to Defendant to reinstate and transfer his discontinued Section 8 benefits. Greene states Defendant's allegation that his status was discontinued for noncompliance with the program rules was wrong. Greene states that Defendant told him to contact the "Housing Agency's Ombudperson" which he did but he has not received a response. Plaintiffs state Defendant's inaction resulted in their homelessness.

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "[I]f the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

## III. DISCUSSION

In the Complaint, Plaintiffs allege this Court has jurisdiction on the basis of diversity of citizenship. (ECF No. 1). Pursuant to 28 U.S.C. § 1406, if a plaintiff files a case in the wrong

venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Venue is generally governed by 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in the United States" and provides, in pertinent part, that:

> (b) Venue in general. – A civil action may be brought in –
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which as substantial part of the events or omissions given rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The events giving rise to Plaintiffs claim occurred in California. Plaintiffs argue that there are "overwhelming reasons why venue for the pro se case would not lie in the legal system" where Defendant is located, but fails to provide any reason why venue for this matter is proper in this district. No party resides in the Western District of Arkansas and the events giving rise to the cause of action did not occur in this district. Therefore, venue is not proper in this district and the undersigned recommends dismissing this case without prejudice. *See* 28 U.S.C. § 1406(a).

## IV.   CONCLUSION

For these reasons, it is recommended that Plaintiffs case be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1406(a).

**Status of Referral: Entry of this Report and Recommendation terminates the referral.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      **RECOMMENDED** this 11th day of February 2026.


      /s/ *Christy Comstock*
      CHRISTY COMSTOCK
      UNITED STATES MAGISTRATE JUDGE